# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

STEVEN M.,

    Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.

CASE NO. C19-5209-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1973.[1] He has a high school diploma and vocational training in security, and has worked as a security guard, retail clerk, and roofer. (AR 55, 134-38.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

1   Plaintiff applied for SSI in September 2012.  (*See* AR 235.)  That application was denied

2   and Plaintiff timely requested a hearing. (AR 287-90, 299-308.)

3   On February 21, 2014, ALJ Gene Duncan held a hearing, taking testimony from Plaintiff,

4   a medical expert (ME), and a vocational expert (VE).  (AR 75-119.)  On November 14, 2014, the

5   ALJ issued a decision finding Plaintiff not disabled.  (AR 260-72.)  Plaintiff timely appealed.

6   The Appeals Council granted Plaintiff's request for review on January 14, 2016, and

7   remanded the case for further proceedings.  (AR 280-83.)  The same ALJ held a hearing in

8   December 2016 (AR 120-68), but then retired shortly thereafter.  Plaintiff filed a stipulation

9   agreeing to a closed period of benefits for September 12, 2012, through November 1, 2016.  (AR

10  587.)  No such decision was entered, however, and ALJ Allen G. Erickson held another hearing

11  on July 20, 2017. (AR 169-214.)  The ALJ subsequently issued a decision finding Plaintiff not

12  disabled at any time since his application date of September 13, 2012.  (AR 15-37.)  The Appeals

13  Council denied Plaintiff's request for review (AR 6-11), and Plaintiff appealed this final decision

14  of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not engaged in substantial gainful activity since September 13, 2012, the alleged onset date.  (AR 18.) At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe Plaintiff's lumbar spine degenerative disc disease with spondylolysis; bilateral knee

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

degenerative joint disease with status post surgeries; migraine headaches; and obesity. (AR 18-20.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of sedentary work, with the following exertional limitations: he can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. He can occasionally operate foot controls bilaterally. He can have occasional exposure to vibration, loud noise, bright lights, and extreme cold temperatures. He must use a cane when ambulating. (AR 21.) The ALJ also found that Plaintiff has no past relevant work. (AR 35.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as document preparer, call-out operator, and final assembler. (AR 36-37.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

(9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2) assessing certain medical evidence and opinions, and (3) discounting a lay statement.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

<u>Subjective symptom testimony</u>

The ALJ discounted Plaintiff's subjective testimony because (1) the objective medical evidence shows that Plaintiff is not as limited as alleged, and that treatment improved his low back pain; (2) Plaintiff's allegations are inconsistent with statements found in the medical record; (3) Plaintiff's activities are inconsistent with his allegations; and (4) the record suggests that Plaintiff is pursuing benefits with a secondary gain motivation. (AR 31-33.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff first argues that the ALJ erred in finding that the objective medical evidence contradicts his allegations, because this reason alone cannot support the ALJ's conclusion. Dkt. 12 at 11. But this was not the only reason provided by the ALJ, and the ALJ did not err in considering the extent to which the medical record supported Plaintiff's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 17-18. Accordingly, these issues will not be analyzed separately.

rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also argues that the ALJ's findings regarding improvement with treatment contains "several significant factual errors" and that the ALJ failed to appreciate that his symptoms wax and wane. Dkt. 12 at 11. Plaintiff does not specify these significant factual errors, however. He does dispute the ALJ's finding that he could consistently ambulate with a steady gait with and without a cane (AR 31), pointing to numerous treatment notes where his gait was abnormal. Dkt. 12 at 11 (citing AR 899, 954, 1014, 1033, 1040, 1098, 1177, 1194, 1439, 1447, 1476, 1571-72). Some of those notes indicated, however, that Plaintiff reported no problems with instability or that he was able to walk on flat surfaces for shorter distances, and others describe his gait problems as mild (AR 899, 1014, 1098, 1177, 1194, 1476, 1571), and these notes are consistent with the ALJ's restricting Plaintiff to sedentary work with the use of a cane for ambulation. Plaintiff also challenges the ALJ's finding that he consistently showed a full range of motion in his knees, but does not identify any evidence that contradicts that finding; he cites evidence that he had knee problems and needed surgery (Dkt. 12 at 11), but the ALJ did not dispute this and indeed found Plaintiff's knee conditions to be severe and noted his need for knee surgery (AR 18). Plaintiff has failed to show an error in the ALJ's assessment of Plaintiff's gait- or knee-related allegations.

Plaintiff next challenges the ALJ's finding that although he testified that he never left his home without his cane, the record showed that on numerous instances, he did not use a cane during a medical appointment. (AR 32.) Plaintiff points to instances where he did use a cane (Dkt. 12 at 12-13), but the ALJ did not deny that Plaintiff used a cane: the ALJ's point is that Plaintiff overstated his reliance on a cane, because there were times that he did not use it. Plaintiff has not

shown that this point is unfounded.

Plaintiff also challenges the ALJ's finding that although he testified that his doctors did not recommend back surgery due to his age, the record showed that they did not recommend back surgery due to the nature of his condition. (AR 32 (citing AR 976, 978, 1358).) Plaintiff notes that providers did not question the legitimacy of his back pain (Dkt. 12 at 13), but this is not the ALJ's point: the ALJ cited this evidence to show that Plaintiff misstated the true reason why providers did not recommend surgery. The ALJ reasonably inferred that Plaintiff overstated the severity of his back condition via his testimony regarding his providers' recommendations against surgery.

Plaintiff goes on to challenge the ALJ's finding that his December 2016 hearing testimony that he felt fatigued from having to "hold up his upper body" was contradicted by treatment records showing he regularly denied feeling fatigued to his providers. (AR 32.) Plaintiff contends that the ALJ erred in finding a contradiction here, because the cited treatment notes were at least months before the hearing testimony. Dkt. 12 at 13. As noted by the Commissioner, however, the ALJ cited treatment notes that post-date the 2016 hearing as well as those from before (*e.g.* AR 1793, 1800). In his reply brief, Plaintiff notes that all of the treatment notes cited by the ALJ predate his "hearing," but the ALJ specifically called out the 2016 hearing testimony; Plaintiff did have a subsequent hearing in July 2017, but the ALJ did not contrast any testimony from that hearing with the treatment record. Thus, it appears Plaintiff's argument is based on a misapprehension of the ALJ's decision.

Plaintiff goes on to challenge the ALJ's finding regarding his activities, arguing that none of the activities cited by the ALJ contradict his allegations. On the contrary, the ALJ identified some specific inconsistencies, such as in regard to Plaintiff's social activities as well as activities

(such as playing video games and performing housework) that indicate that he has more ability to sit, stand, and walk than he alleged. (AR 32-33.) Plaintiff contends that these activities do not prove that he can work full-time (Dkt. 12 at 14), but that is not the reason for which the ALJ cited them.

The Commissioner does not defend two aspects of the ALJ's reasoning, namely the findings that Plaintiff overreported his migraine headaches and that Plaintiff sought benefits with a secondary gain motivation. These errors are harmless in light of the other valid reasons provided by the ALJ to discount Plaintiff's allegations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

### Medical evidence

Plaintiff challenges the ALJ's assessment of two opinions, and raises broader challenges to the ALJ's assessment of the medical record as well. The Court will address each contention in turn.

<u>Legal standards</u>

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

/ / /

Mortensen/Benitez opinion

Plaintiff's treating physician's assistant, Jon Mortensen, PA-C, completed a DSHS form opinion regarding Plaintiff's physical symptoms and limitations, and opined that Plaintiff could perform sedentary work. (AR 630-34.) Contemporaneous appointment notes written by Mr. Mortensen indicate that Plaintiff would "likely need part time due to limitations with low back for sitting." (AR 611.) Frida Pena Benitez, M.D., reviewed Mr. Mortensen's form opinion and co-signed it. (AR 632.)

The ALJ found the Mortensen/Benitez opinion to be consistent with the record, but discounted Mr. Mortensen's speculation that Plaintiff would likely need part-time work as unsupported by any objective findings in the record, "especially when taking into account the claimant's treatment history and daily responsibilities." (AR 33.) Plaintiff argues that this is not a legitimate reason to discount Mr. Mortensen's opinion about his likely need for part-time work because his treatment history and daily responsibilities do not suggest that he was capable of working full-time. Dkt. 12 at 4. Plaintiff does not point to any specific treatment notes or activities to support this contention. *Id*.

The Commissioner points to evidence that he contends support the ALJ's conclusions, such as treatment notes indicating that treatment "effectively reduced Plaintiff's pain and headaches," as well as Plaintiff's reports that he managed his significant other's apartment. Dkt. 13 at 12-13 (citing AR 31, 104, 147, 980, 998, 1039, 1193, 1200, 1254, 1406, 1420, 1550, 1568, 1587, 1647). In Plaintiff's reply, he repeats his assertion that the treatment notes and his daily activities do not contradict Mr. Mortensen's opinion (Dkt. 14 at 3-4), but again he does not point to any specific notes or activities to show that they are in fact consistent. Without that specificity, Plaintiff has not met his burden to show error in the ALJ's decision.

Dr. Rack

William Rack, M.D., testified as an ME at the 2014 administrative hearing. (AR 92-104.) Dr. Rack opined that *inter alia* Plaintiff could perform sedentary work, and the ALJ gave significant weight to that opinion because it was consistent with the remainder of the medical record as well as Plaintiff's activities. (AR 24-25.)

Plaintiff argues that the ALJ erred in crediting Dr. Rack's testimony because he testified in 2014, without access to the records generated after that time or the later testimony. Dkt. 12 at 4-5. As noted by the Commissioner (Dkt. 13 at 15), Plaintiff does not point to any specific subsequent evidence that contradicts Dr. Rack's testimony. In his reply brief, Plaintiff contends that all of the records cited in a portion of the opening brief contradict Dr. Rack's testimony, but this is not accurate. Plaintiff's summary of medical records does not focus on Plaintiff's functional limitations or whether Plaintiff meets or equals a listing (Dkt. 12 at 7-9), and that was the focus of Dr. Rack's testimony. Thus, the Court finds that Plaintiff has not met his burden to show error in the ALJ's finding that Dr. Rack's testimony was consistent with the remainder of the medical record.

Dr. Coor

Dr. Coor performed a consultative physical examination of Plaintiff in March 2016 and wrote a narrative report describing Plaintiff's symptoms and limitations, and also completed a checkbox form indicating Plaintiff's capabilities. (AR 1419-29.) The ALJ found that most of Dr. Coor's opinion understated Plaintiff's limitations, but that his description of Plaintiff's limited reaching ability was inconsistent with the record showing that Plaintiff's cervical spine causes minimal functional limitations. (AR 35.)

Plaintiff agrees with the ALJ that much of Dr. Coor's opinion understates his limitations,

but he argues that Dr. Coor's opinion on Plaintiff's reaching is consistent with Dr. Coor's finding that Plaintiff "has loss of the normal bulk of his thoracic and lumbar paraspinal muscles." Dkt. 12 at 5 (citing AR 1422). Plaintiff does not explain how paraspinal muscles are implicated in reaching; Dr. Coor did not cite his finding regarding Plaintiff's paraspinal muscles as a basis for his opinion on Plaintiff's reaching abilities, and in fact left the section blank that asked him to identify the findings that supported his opinion. (AR 1426.) Dr. Coor's testing of Plaintiff's upper-extremity muscle strength was entirely normal. (AR 1423.) Plaintiff has not established that the ALJ's interpretation of Dr. Coor's opinion is unreasonable, and thus has failed to meet his burden to show error in the ALJ's assessment of Dr. Coor's opinion.

Mental health notes

Plaintiff summarizes various mental health treatment notes, which he contends corroborate his allegations of depression and show that the ALJ erred in failing to obtain a consultative psychological examination. Dkt. 12 at 9-10. Plaintiff does not, however, address the ALJ's written findings regarding his depression at step two, explaining why he found Plaintiff's depression to be not severe. (AR 19-20.)

In his reply brief, Plaintiff contends that the ALJ erred in failing to account for the functional limitations caused by his depression, such as the problems he experienced eating and sleeping. Dkt. 14 at 5. Plaintiff points to specific depression symptoms he endorsed in a form (Dkt. 14 at 5 (citing AR 1407-08)), but as noted by the Commissioner, Plaintiff also indicated in that same form that his mental impairments do not affect his ability to work (AR 1408). Thus, Plaintiff has not identified any workplace functional limitations that the ALJ erroneously overlooked, in assessing his RFC.

/ / /

## Lay statement

Plaintiff's girlfriend, Sabrina Bartlett, completed a form statement describing Plaintiff's symptoms and limitations. (AR 561-65.) The ALJ summarized Ms. Bartlett's statement and found that her description of his symptoms and limitations was inconsistent with the medical evidence describing improvement with treatment, as well as inconsistent with the evidence of his housework activities, ability to socialize, and shop. (AR 34.) An ALJ's reasons to discount a lay statement must be germane. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Although Plaintiff contends that the ALJ failed to identify inconsistencies supported by the record, the Court disagrees. The ALJ reasonably found Ms. Bartlett's description of Plaintiff's limitations to be inconsistent with the evidence showing that Plaintiff performed light housework activities, such as vacuuming, laundry, cooking, shopping, walking the dog, and taking care of the children. (AR 32-34.) This is a germane reason to discount Ms. Bartlett's statement. *See Lewis v. Apfel*, 236 F.3d 503, 511-12 (9th Cir. 2001) (germane reasons for discounting lay testimony included inconsistency with medical evidence, evidence of claimant's activities, and claimant's reports).

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 15th day of January, 2020.

Mary Alice Theiler
United States Magistrate Judge